1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California  95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    BETTY JEAN NAPIER
6

7

8              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10  BETTY JEAN NAPIER,                    Case No.  C08-00910-RMW-RS

11                          Plaintiff,

12  v.                                    **NOTICE OF MOTION AND MOTION
                                          WITH MEMORANDUM OF POINTS
13  TITAN MANAGEMENT SERVICES, LLC,       AND AUTHORITIES IN SUPPORT OF
    a Georgia limited liability company, and   DEFAULT JUDGMENT**
14  FREDERICK ALLEN HOWARD,
    individually an in his official capacity,  Date:       July 11, 2008
15                                        Time:       9:00 a.m.
                            Defendants.   Judge:      Honorable Ronald M.
16                                                    Whyte
                                          Courtroom:  6, 4th Floor
17                                        Place:      280 South First Street
                                                      San Jose, California
18

19                         **NOTICE OF MOTION**

20       **PLEASE TAKE NOTICE** that on July 11, 2008, at 9:00 a.m., or as soon thereafter as the

21  matter may be heard in Courtroom 6 of the above-titled Court, located at the Federal Courthouse,

22  280 South First Street, San Jose, California, Plaintiff will move the Court for a default judgment as

23  set forth herein.

24       The motion will be made pursuant to rule 55(b)(2) of the Federal Rules of Civil Procedure

25  and the applicable civil local rules, on the ground that Defendants failed to plead or otherwise

26  defend this action within the time prescribed by the Federal Rules of Civil Procedure.  The motion

27  is based on this Notice of Motion, the Motion with Memorandum of Points and Authorities,

28  Complaint, the Declaration of Betty Jean Napier, the Declaration of Fred W. Schwinn, the

                                    - 1 -

1  documents attached thereto, and such evidence as may be presented at the hearing.  Please note that

2  the Plaintiff and her counsel of record request that the Court determine this matter based on the

3  paperwork herein (i.e., submitted on the papers) unless the Court requests oral argument or if this

4  motion is opposed.

5

6          **MOTION WITH MEMORANDUM OF POINTS AND AUTHORITIES**
               **IN SUPPORT OF DEFAULT JUDGMENT**

7

8                              **INTRODUCTION**

9          This is a Motion for Default Judgment against Defendants, TITAN MANAGEMENT

10  SERVICES, LLC, and FREDERICK ALLEN HOWARD.  This action was brought to redress

11  Defendants' false, misleading and abusive attempts to collect a debt.  The Defendants violated the

12  Federal Fair Debt Collection Practices Act (FDCPA), and the California Rosenthal Fair Debt

13  Collection Practices Act (RFDCPA), both of which prohibit debt collectors from engaging in unfair

14  and deceptive practices.  Plaintiff seeks an award of $12,000.00 in statutory damages and penalties

15  together with $4,974.21 in attorney's fees and costs.

16                          **PROCEDURAL HISTORY**

17          Defendant, TITAN MANAGEMENT SERVICES, LLC, was served with a Summons and

18  Complaint in this case on February 19, 2008.[1]  Defendant, FREDERICK ALLEN HOWARD, was

19  served with a Summons and Complaint in this case on February 27, 2008.[2]  The Defendants' default

20  was entered on April 25, 2008.[3]  Upon default, the well-pleaded allegations of the complaint relating

21  to liability are taken as true.[4]  After a default is entered, the Court's attention is focused on issues

22  relating to the quantity of damages, as opposed to issues of liability.[5]  Here, however, the issues may

23  _____

24      [1]  Doc. 4.

25      [2]  Doc. 5.

26      [3]  Doc. 12 and 13.

27      [4]  *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

28      [5]  *Black v. Lane*, 22 F.3d 1395 (7th Cir 1994).

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

1  be inextricable.  Plaintiff seeks statutory damages under the Federal Fair Debt Collection Practices

2  Act (FDCPA) and the California Rosenthal Fair Debt Collection Practices Act (RFDCPA).  In

3  determining the amount of damages to award under the FDCPA the Court is to consider the nature

4  of the noncompliance, as well as the frequency and persistence of the noncompliance.[6]  For this

5  reason, the facts relating to Defendant's noncompliance with the law are discussed in some detail

6  below.

7  <u>**STATEMENT OF FACTS**</u>

8  Plaintiff, BETTY JEAN NAPIER, is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) and

9  a "debtor" as defined by California Civil Code § 1788.2 and resides in Santa Clara County.[7]

10  Defendant, TITAN MANAGEMENT SERVICES, LLC., is a "debt collector" as defined by 15

11  U.S.C. § 1692a(6) and Civil Code § 1788.2.[8]  Defendant, FREDERICK ALLEN HOWARD, is a

12  "debt collector" as defined by 15 U.S.C. § 1692a(6) and Civil Code § 1788.2.[9]

13  On a date or dates unknown to the Plaintiff, Plaintiff incurred a financial obligation

14  (hereinafter "the debt").[10]  The debt was incurred primarily for personal, family or household

15  purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer

16  debt" as that term is defined by Cal. Civil Code § 1788.2(f).[11]  Sometime thereafter on a date

17  unknown to the Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for

18  collection from Plaintiff.[12]  Defendants knew or should have known that their conduct was directed

19

20  _____

21  [6]  15 U.S.C. § 1692k(b)(1).

22  [7]  Complaint (Doc. 1) ¶ 6.

23  [8]  Complaint (Doc. 1) ¶ 7.

24  [9]  Complaint (Doc. 1) ¶ 8.

25  [10]  Complaint (Doc. 1) ¶ 10; Declaration of Betty Jean Napier in Support of Motion for
26  Default Judgment (hereinafter "Napier Declaration") ¶3.

27  [11]  Complaint (Doc. 1) ¶ 10; Napier Declaration ¶3.

28  [12]  Complaint (Doc. 1) ¶ 11.

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

1  towards a senior citizen.[13]

2  On or about February 17, 2007, Defendants mailed Plaintiff a collection letter in an attempt

3  to collect the debt.[14]  A true and correct copy of the February 17, 2007, collection letter is attached

4  to the Complaint and identified as Exhibit "1."[15]  The collection letter (Exhibit "1") was Defendants'

5  first written notice initially addressed to Plaintiff in connection with collecting the debt.[16]

6  On or about March 7, 2007, Plaintiff mailed a letter to Defendants which stated: "please be

7  advised that I dispute this debt and refuse to pay."[17]  A true and correct copy of Plaintiff's March

8  7, 2007, letter is attached to the Complaint and identified as Exhibit "2."[18]  Defendants received

9  Plaintiff's letter disputing the debt and refusing to pay the debt on or about March 12, 2007.[19]  A true

10  and correct copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing

11  Defendants' receipt of Plaintiff's letter disputing the debt and refusing to pay the debt is attached

12  to the Complaint and identified as Exhibit "3."[20]

13  Thereafter, Defendants sent a second collection letter to Plaintiff on or about May 9, 2007.[21]

14  A true and correct copy of the May 9, 2007, collection letter is attached to the Complaint and

15  identified as Exhibit "4."[22]  Defendants did not validate the debt before sending the second collection

16

17

18  [13]  Complaint (Doc. 1) ¶ 18; Napier Declaration ¶ 4.

19  [14]  Complaint (Doc. 1) ¶¶ 12, 13, 14, 15, and 16; Napier Declaration ¶¶ 5 and 7.

20  [15]  Complaint (Doc. 1) ¶¶ 12, 13 and 14; Napier Declaration ¶¶ 6 and 7.

21  [16]  Complaint (Doc. 1) ¶ 17; Napier Declaration ¶ 8.

22

23  [17]  Complaint (Doc. 1) ¶ 19; Napier Declaration ¶¶ 9 and 11.

24  [18]  Complaint (Doc. 1) ¶ 20; Napier Declaration ¶¶ 10 and 11.

25  [19]  Complaint (Doc. 1) ¶ 21; Napier Declaration ¶ 12.

26  [20]  Complaint (Doc. 1) ¶ 22,; Napier Declaration ¶¶ 12 and 13.

27  [21]  Complaint (Doc. 1) ¶¶ 25, 26, and 27; Napier Declaration ¶¶ 14 and 16.

28  [22]  Complaint (Doc. 1) ¶¶ 25, 26, and 27; Napier Declaration ¶¶ 15 and 16.

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

letter.[23] Defendants sent a third collection letter to Plaintiff on or about June 15, 2007.[24] A true and correct copy of the June 15, 2007 collection letter is attached to the Complaint and identified as Exhibit "5."[25]

Thereafter, on or about June 25, 2007, Plaintiff sent Defendants a second letter which stated: "please be advised that I dispute this debt and refuse to pay."[26] A true and accurate copy of Plaintiff's second letter disputing the debt and refusing to pay the debt is attached to the Complaint and identified as Exhibit "6."[27] Defendants received Plaintiff's second letter disputing the debt and refusing to pay the debt on or about June 29, 2007.[28] A true and accurate copy of the USPS Tracking Report and Certified Mail Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the debt and refusing to pay the debt is attached to the Complaint and identified as Exhibit "7."[29]

After receiving Plaintiff's second letter notifying Defendants of her refusal to pay the debt, Defendants continued to communicate with Plaintiff in an attempt to collect the debt by sending a fourth collection letter on or about August 17, 2007.[30] A true and accurate copy of Defendants' August 17, 2007, collection letter is attached to the Complaint and identified as Exhibit "8."[31]

Therefore, Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(c) and 1692g(b) by: continuing to communicate with Plaintiff in an attempt to collect the debt

---

[23] Complaint (Doc. 1) ¶ 23; Napier Declaration ¶ 17.

[24] Complaint (Doc. 1) ¶¶ 30, 31, and 32; Napier Declaration ¶¶ 18 and 20.

[25] Complaint (Doc. 1) ¶¶ 30, 31, and 32; Napier Declaration ¶¶ 19 and 20.

[26] Complaint (Doc. 1) ¶ 35; Napier Declaration ¶¶ 21 and 23.

[27] Complaint (Doc. 1) ¶¶ 30, 31, and 32; Napier Declaration ¶¶ 22 and 23.

[28] Complaint (Doc. 1) ¶ 37; Napier Declaration ¶¶ 24 and 25.

[29] Complaint (Doc. 1) ¶¶ 37 and 38; Napier Declaration ¶ 25.

[30] Complaint (Doc. 1) ¶¶ 39, 40, and 42; Napier Declaration ¶¶ 26 and 28.

[31] Complaint (Doc. 1) ¶¶ 40, and 41; Napier Declaration ¶¶ 27 and 28.

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

after receiving a written notification that Plaintiff refused to pay the debt being collected; and by continuing collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff.

Additionally, Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17, which incorporates 11 U.S.C. § 1692b through § 1692j (a violation under 1692b-1692j is thus a violation of Civil Code § 1788.17). A violation of Civil Code § 1788.17 subjects debt collectors to the remedies under 15 U.S.C. § 1692k.[32]

## PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES

**A.    PLAINTIFF IS ENTITLED TO $1,000 IN STATUTORY DAMAGES PURSUANT TO 15 U.S.C. § 1692K.**

The FDCPA states that any debt collector who fails to comply with any provision is liable to such person in an amount equal to his/her actual damages, and in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.[33]  The act also provides that:

> In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors...the frequency and persistence of noncompliance by the debt collector, and the extent to which such noncompliance was intentional.[34]

Here Defendants violated numerous sections of the FDCPA (as stated herein).  Thus, the Plaintiff is entitled to the full $1,000 statutory award under the FDCPA.

**1.    Defendants Violated  15 U.S.C. § 1692c(c) by Communicating with Plaintiff in an Attempt to Collect the Debt after Receiving a Written Notification that Plaintiff Refused to Pay the Debt.**

Defendants violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff in an attempt to collect the debt after receiving a written notification that Plaintiff refused to pay the debt.

---

[32] *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

[33]  15 U.S.C. § 1692k(a)(2)(A).

[34]  15 U.S.C. § 1692k(b)(1).

15 U.S.C. § 1692c(c) states "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt . . . the debt collector shall not communicate further with the consumer with respect to such debt. . ."

In this case, Defendants sent Plaintiff three collection letters to Plaintiff after receiving notification that Plaintiff refused to pay the debt.  As explained above, Plaintiff sent a letter which stated: "please be advised that I dispute this debt and refuse to pay," on March 7, 2007.[35] Thereafter, Defendants sent Plaintiff two collection letters, one on May 9, 2007,[36] and another on June 15, 2007.[37]  Plaintiff sent a second letter which stated: "please be advised that I dispute this debt and refuse to pay," on June 25, 2007.[38]  Despite receiving two letters that said Plaintiff refused to pay the debt, Defendants sent another collection letter on August 17, 2007.[39]  Defendants actions state a violation of 15 U.S.C. § 1692c(c).

> **2.    Defendants Violated 15 U.S.C. § 1692g(b) by Continuing Collection Efforts Against Plaintiff Without First Obtaining a Verification of the Debt and Mailing it to Plaintiff.**

Defendants violated 15 U.S.C. § 1692g(b) continuing their collection efforts against Plaintiff after receiving a written notification within the thirty-day validation period from Plaintiff disputing the debt being collected in its entirety without first obtaining a verification of the debt and mailing a copy of such verification to Plaintiff.

15 U.S.C. § 1692g(b) states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector.

---

[35]  Complaint (Doc. 1) ¶ 19; Napier Declaration ¶¶ 9 and 11.

[36]  Complaint (Doc. 1) ¶¶ 25, 26, and 27; Napier Declaration ¶¶ 14 and 16.

[37]  Complaint (Doc. 1) ¶¶ 30, 31, and 32; Napier Declaration ¶¶ 18 and 20.

[38]  Complaint (Doc. 1) ¶ 35; Napier Declaration ¶¶ 21 and 28.

[39]  Complaint (Doc. 1) ¶¶ 39, 40, and 42; Napier Declaration ¶¶ 26 and 28.

1    In this case, Defendants sent Plaintiff their first collection letter on February 17, 2007.[40]

2    Thereafter, Plaintiff sent Defendants a letter which stated: "please be advised that I dispute this debt

3    and refuse to pay," on March 7, 2007.[41]  Plaintiff's March 7, 2007, letter disputing the debt was sent

4    within 30 days of receiving Defendant's February 17, 2007 collection letter.

5    Despite Defendants' statutory obligation to validate the debt after receiving notice of

6    Plaintiff's dispute, Defendants did not validate the debt before sending another collection letter on

7    May 9, 2007.[42]  Defendants' conduct states a violation of 15 U.S.C. § 1692g(b).

8    **3.    This Court Should Award Plaintiff the Maximum Statutory Damage Amount
         of $1,000 under the FDCPA.**

9

10    The maximum statutory damage award available under the Federal FDCPA is a modest

11    $1,000.  Courts have therefore awarded the maximum amount even when the violations found were

12    less numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[43] the court

13    awarded the maximum $1,000 because the validation notice appeared on the back of the letter, in

14    relatively small print, with no reference to it on the front of the letter.  Thus, even though the notice

15    was accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

16    *Friedman*,[44] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

17    only one provision of the FDCPA had been proven.  In that case the debt collector had included a

18    disclosure required 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include it in a

19    subsequent notice.  Herein there are two violations of the federal FDCPA.  Thus, the violations

20    herein are more numerous and meaningful than in those cases, and therefore the Court should award

21    the maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which is $1,000.

22    / / /

23

24    [40]  Complaint (Doc. 1) ¶¶ 12, 13, 14, 15, 16 and 17; Napier Declaration ¶¶ 5, 7 and 8.

25    [41]  Complaint (Doc. 1) ¶ 19; Napier Declaration ¶¶ 9 and 11.

26    [42]  Complaint (Doc. 1) ¶¶ 25, 26, and 27; Napier Declaration ¶ 17.

27    [43]  682 F. Supp. 174 (W.D.N.Y. 1988).

28    [44]  46 F.3d 645 (7th Cir. 1995).

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

**B.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.30(b).**

The Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty in an amount not less than $100 nor greater than $1,000. Cal. Civil Code § 1788.30(b).

In this case Defendant has violated Cal. Civil Code § 1788.17 which is remedied by the statutory penalty provisions of Cal. Civil Code § 1788.30. Thus, the Court should award Plaintiff the full $1,000 statutory award under Cal. Civil Code § 1788.30.

**C.    PLAINTIFF SHOULD BE AWARDED $1,000 IN STATUTORY DAMAGES PURSUANT TO CAL. CIVIL CODE § 1788.17.**

Cal. Civil Code § 1788.17 provides that:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal.[45]

This Court has held that a violation of the FDCPA is also a violation of Cal. Civil Code § 1788.17.[46] The monetary remedy for a violation of Cal. Civil Code § 1788.17 is the same amount as the remedy provided under 15 U.S.C. § 1692k—$1,000.[47] Therefore, Plaintiff is entitled to $1,000 damages pursuant to Cal. Civil Code § 1788.17.[48]

---

[45] Cal. Civil Code § 1788.17.

[46] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004), and *Daniel Edstrom v. All Services and Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. February 22, 2005).

[47] *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) ("A strict reading of Civil Code 1788.17 clearly paves way for CA FDCPA violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k.")

[48] It is also important to note that, in the paragraph quoted above, the California Legislature specifically carved out requirements under § 1692e(11) and § 1692g, which are certain notice requirements traditional *debt collectors* (collecting debts on behalf of another) must comply with, but retained an exemption to such notice requirements for *original creditors* (collecting debts on

**D.    PLAINTIFF SHOULD BE AWARDED TREBLE DAMAGES PURSUANT TO CAL. CIVIL CODE § 3345(b).**

Cal. Civil Code § 3345(b) provides that:

(b) Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose.  Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:

 (1)  Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

 (2)  Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer:  loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

 (3)  Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

In this case, Plaintiff is a senior citizen.[49]  Defendants knew or should have known that their unlawful collection activities were directed at a senior citizen.[50]  As such, the Court should award Plaintiff an amount that is three times the statutory damages and civil penalties under the FDCPA

---

their own behalf).  But, at the same time the legislature left in the entire remedial scheme of 15 U.S.C. § 1692k, including the $1,000 statutory damage remedy.  Had the California Legislature wanted to carve out the $1,000 statutory remedy from Cal. Civil Code § 1788.17 they certainly knew how to do so, but they chose not to.  Thus, they intended to provide consumers a remedy separate and in addition to the remedy afforded under Cal. Civil Code § 1788.30 and 15 U.S.C. § 1692k.

[49]  Complaint (Doc. 1) ¶ 6; Napier Declaration ¶ 4.

[50]  Complaint (Doc. 1) ¶ 18.

- 10 -

1   and RFDCPA, pursuant to Cal. Civil Code § 3345(b).

2   **E.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES TO VIOLATIONS OF THE FDCPA BE CUMULATIVE**

3

4   Cal. Civil Code § 1788.32 states that:

5   The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law.

6

7   Thus, a violation of the federal statute can lead to damages under the federal FDCPA and a

8   violation of the California statute leads to damages under the RFDCPA.[51]   Indeed, the FDCPA

9   expressly states:

10   [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect to debt collection practices, except to the extent that those laws are in consistent with any provision of this subchapter, and then only to the extent of the inconsistency.[52]

11

12

13   Moreover, courts, both within and outside the Ninth Circuit, have allowed statutory damages

14   under both federal and state consumer protection statutes.[53]  Thus, this Court should not be reluctant

15   to assess the maximum possible statutory damages under both federal and state law.  As this Court

16   has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

17   an expansion of the statutory damages available under the state law.[54]

18   Additionally, this Court has concluded, rather than drafting new language to the RFDCPA,

19

20

---

21   [51]   Indeed, 15 U.S.C. § 1692n states that the federal law does not exempt or affect any person

22   from complying with the law of any State with respect to debt collection practices, unless those laws are inconsistent with the federal FDCPA, and then only to the extent of the inconsistency.

23   [52]   15 U.S.C. § 1692n.

24

25   [53]   *Sakuma v. First National Credit Bureau*, 1989 U.S. DIST. LEXIS 19120 (D. HI. November 15, 1989), *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. OH. 2004), and *Chapman v. ACB*

26   *Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

27   [54]   *Abels v. JBC*, 227 F.R.D. 541, 548 (N.D. Cal. 2005) (The mandatory language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little doubt as to the

28   intent of the legislature to broaden the remedies for RFDCPA.)

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

1  the legislature simply incorporated entire sections by reference.[55]  Indeed, this Court has stated

2  "California simply incorporated by reference the text of certain federal provisions into the CFDCPA,

3  rather than copying them verbatim into the California code.  Any resulting liability, however,

4  remains a state claim."[56]  In a separate case, this Court then went on to hold a violation of 15 U.S.C.

5  § 1692g was also a violation of Cal. Civil Code § 1788.17.[57]  Thus, by incorporating 15 U.S.C. §

6  1692k by reference (and its statutory damages of $1,000), the California legislature chose to make

7  the additional $1,000 available, as a matter of state law, when it enacted Cal. Civil Code § 1788.17.

8  **F.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES**

9       Both the federal FDCPA and California RFDCPA direct a court to award attorney's fees to

10  a prevailing consumer.[58]  A number of cases decided under 15 U.S.C. § 1692k have held that an

11  award of attorney fees and costs is required if the plaintiff prevails.[59]

12       **1.    Computation of Reasonable Attorney's Fees**

13       The accepted method of calculating attorney's fees for FDCPA cases is the lodestar

14  method.[60]  Under the lodestar method, the trial court determines the number of hours reasonably

15

16  _____

17       [55] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

18       [56] *Id.*

19       [57] *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
20  February 22, 2005).

21       [58] 15 U.S.C. § 1692k(a)(3) & Cal. Civil Code § 1788.30(c).

22       [59] *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
23  it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
    amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
24  time spent on the case in order to encourage enforcement of the FDCPA); *Pipiles v. Credit Bureau*,
    Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
25  actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
    *Perez v. Perkiss*, 742 F.Supp. 883 (D.Del. 1990) (awarding Plaintiffs' legal services attorneys
26  $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

27       [60] *Cancio v. Financial Credit Network, Inc.*, 2005 U.S. Dist. LEXIS 13626, *2 (N.D. CA
    July 6, 2005) *citing*, *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987);  *Rosenfeld*
28  *v. S. Pac. Co.*, 519 F.2d 527, 530 (9th Cir. 1975).

NOTICE OF MOTION AND MEMORANDUM                    Case No. C08-00910-RMW-RS

1    spent by counsel on the case and the reasonable hourly compensation for each attorney.[61]

2    Multiplying the hours reasonably worked by the reasonable hourly rate produces a figure known as

3    the lodestar.

4        **2.    The Number of Hours Claimed by Plaintiff's Attorney is Reasonable**

5            The initial step in computing the lodestar amount is calculating the reasonable hours that

6    counsel worked on the case.  Where a Plaintiff has prevailed, her attorneys should recover a fully

7    compensatory fee.  A full compensatory fee will encompass all hours reasonably spent on the

8    matter.[62]  The reasonable hours will generally include all time spent on pre-trial matters, settlement

9    negotiation, discovery, litigation tactics and the trial itself.[63]

10           In this case, the Plaintiff seeks compensation for a total of 14.8 hours which her advocates

11   devoted to this case to date.

12       **3.    The Hourly Rates Claimed By Plaintiff's Attorney Is Reasonable**

13           The second step in calculating the lodestar amount is determining a reasonable hourly rate.

14   When determining whether the rate is reasonable, courts consider an attorney's skill, experience and

15   expertise; the nature of the work performed; the attorney's customary billing rate; and the prevailing

16   market rates charged by attorneys of similar skill and experience for comparable services in the

17   community.[64]

18           The rates charged by counsel in this case are more than reasonable in light of the skill,

19   experience and expertise, and the prevailing market rates charged by attorneys and advocates of

20   similar skill and experience.

21       **4.    Lodestar Amount**

22           The final step in calculating the fee portion of the lodestar amount is multiplying the hours

23
24           [61]  *Serrano v. Priest*, 20 Cal. 3d 25, 48-49 (1997) (Serrano III).

25           [62]  *Serrano v. Unruh*, 32 Cal. 3d 621, 633 (1982)  (Serrano IV); *Sundance Municipal Court*,
     192 Cal. App. 3d 268, 273-274 (1982).

26
27           [63]  *Stokus v. March*, 217 Cal. App. 3d 647, 656 (1990) (compensation for pre-trial legal
     services include issue evaluation, discovery, trial preparation, and preparation of trial memorandum).

28           [64]  *Serrano IV*, supra, 32 Cal. 3d at 643.

NOTICE OF MOTION AND MEMORANDUM                               Case No. C08-00910-RMW-RS

1  reasonably worked by the reasonably hourly rate.  As demonstrated by Declaration of Fred W.

2  Schwinn and the attached time records, Plaintiff's attorney's office has expended 14.8 hours, and

3  $534.21 in costs, in the prosecution of this matter, and that they should be awarded $4,974.21 for

4  that time and expense.

5  **CONCLUSION**

6    The purpose of statutory penalties is to deter the kind of unlawful conduct which occurred

7  in this case.  As explained in the preceding sections of this memorandum, Defendant's violations

8  of the federal FDCPA and California RFDCPA were numerous.  For all the reasons stated above,

9  Plaintiff requests an award of $12,000.[65]

10    Additionally, Plaintiff should be awarded attorney's fees for all the time reasonably

11  expended and the costs incurred in the case.  Plaintiff's attorney has demonstrated that he reasonably

12  expended 14.8 hours in the prosecution of this matter, and that he should be awarded $4,440.00 for

13  that time, and $534.21 in advanced expenses.

14    Therefore, the total amount of the Judgment in this matter should be $16,974.21.  A proposed

15  Judgment is attached to this motion for the Court's use and convenience.

16

17             CONSUMER LAW CENTER, INC.

18

19            By: /s/ Fred W. Schwinn
           Fred W. Schwinn, Esq.

20             Attorney for Plaintiff
           BETTY JEAN NAPIER

21

22

23

24

25

26

27

28  [65]  $3,000 in statutory damages and penalties under the FDCPA and RFDCPA, then trebled
pursuant to Cal. Civil Code § 3345.

- 14 -

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BETTY JEAN NAPIER

6

7

8                  IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                        SAN JOSE DIVISION

10 BETTY JEAN NAPIER,                    Case No.  C08-00910-RMW-RS

11                 Plaintiff,
                                         **DECLARATION OF BETTY JEAN
12 v.                                    NAPIER IN SUPPORT OF MOTION
                                         FOR DEFAULT JUDGMENT**
13 TITAN MANAGEMENT SERVICES, LLC,
   a Georgia limited liability company, and   [Fed. R. Civ. P. 55(b)(2)]
14 FREDERICK ALLEN HOWARD,
   individually an in his official capacity,
15
16                 Defendants.

17        BETTY JEAN NAPIER, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §

18 1746, that the following statements are true and correct:

19        1.      I am the Plaintiff in this case, and I have personal knowledge of the matters

20 stated in this declaration.

21        2.      This declaration is being submitted in support of my Motion for Default

22 Judgment by this Court against Defendants, TITAN MANAGEMENT SERVICES, LLC, and

23 FREDERICK ALLEN HOWARD, (hereinafter "Defendants").

24        3.      On a date or dates unknown to me, I incurred a financial obligation

25 (hereinafter "the debt").    The debt was incurred primarily for personal, family or household

26 purposes.

27        4.      I am a senior citizen. My birthday is May 27, 1924. At the time Defendants'

28 began collection activities regarding the debt I was 82 years old.  I am currently 83 years old.  I

                                        - 1 -
DECLARATION OF BETTY JEAN NAPIER              Case No.  C08-00910-RMW-RS

1  believe that Defendants knew that their collection efforts were directed at a senior citizen.

2       5.    Thereafter, Defendants sent a collection letter to me attempting to collect the

3  debt.

4       6.    A true and accurate copy of the collection letter that I received from

5  Defendants is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

6       7.    The collection letter is dated February 17, 2007.

7       8.    The collection letter was Defendants' first written notice to me in connection

8  with collecting the debt.

9       9.    Thereafter, a letter was mailed to Defendants which stated "please be advised

10  that I dispute this debt and refuse to pay."

11       10.    A true and accurate copy of my first dispute letter is attached hereto, marked

12  Exhibit "2," and by this reference is incorporated herein.

13       11.    My first dispute letter is dated March 7, 2007.

14       12.    Defendants received my first dispute letter on or about March 12, 2007.

15       13.    A true and correct copy of the USPS tracking report and Certified Mail Return

16  Receipt evidencing Defendants' receipt of my first dispute letter is attached hereto, marked Exhibit

17  "3," and by this reference is incorporated herein.

18       14.    Thereafter, Defendants sent a second collection letter to me attempting to

19  collect the debt.

20       15.    A true and accurate copy of the second collection letter that I received from

21  Defendants is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

22       16.    The second collection letter is dated May 9, 2007.

23       17.    Defendants did not validate the debt before sending me the second collection

24  letter.

25       18.    Thereafter, Defendants sent a third collection letter to me attempting to collect

26  the debt.

27       19.    A true and accurate copy of the third collection letter that I received from

28  Defendants is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

- 2 -

1         20.     The third collection letter is dated June 15, 2007.

2         21.     Thereafter, a second letter was mailed to Defendants which stated "please be

3 advised that I dispute this debt and refuse to pay."

4         22.     A true and accurate copy of my second dispute letter is attached hereto,

5 marked Exhibit "6," and by this reference is incorporated herein.

6         23.     My second dispute letter is dated June 25, 2007.

7         24.     Defendants received my second dispute letter on or about June 29, 2007.

8         25.     A true and correct copy of the USPS tracking report and Certified Mail Return

9 Receipt evidencing Defendants' receipt of my first dispute letter is attached hereto, marked Exhibit

10 "7," and by this reference is incorporated herein.

11         26.     Thereafter, Defendants sent a fourth collection letter to me attempting to

12 collect the debt.

13         27.     A true and accurate copy of the fourth collection letter that I received from

14 Defendants is attached hereto, marked Exhibit "8," and by this reference is incorporated herein.

15         28.     The fourth collection letter is dated August 17, 2007.

16

17

Executed on May _15_, 2008, at Gilroy, California.

18

19

20 Betty Jean Napier

21

22

23

24

25

26

27

28

- 3 -

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BETTY JEAN NAPIER
6

7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10 BETTY JEAN NAPIER,                    Case No.  C08-00910-RMW-RS

11                        Plaintiff,     DECLARATION OF FRED W.
                                         SCHWINN IN SUPPORT OF MOTION
12 v.                                    FOR DEFAULT JUDGMENT
                                         AWARDING ATTORNEY FEES
13 TITAN MANAGEMENT SERVICES, LLC,       AND COSTS
   a Georgia limited liability company, and
14 FREDERICK ALLEN HOWARD,               Date:      July 11, 2008
   individually an in his official capacity, Time:      9:00 a.m.
15                                        Judge:     Honorable Ronald M.
                         Defendants.                 Whyte
16                                        Courtroom: 6, 4th Floor
                                         Place:     280 South First Street
17                                                   San Jose, California

18

19         I, Fred W. Schwinn, declare under penalty of perjury, under the laws of the United States,

20 28 U.S.C. § 1746, that the following statements are true:

21         1.    I am counsel for the Plaintiff in the above captioned case.

22         2.    I am a member in good standing of the bars of the following courts:

23 Supreme Court of the United States
   Washington, DC
24 2003

25 Supreme Court of California
   Sacramento, California
26 2003

27

28
                                    -1-
   DECLARATION OF FRED W. SCHWINN          Case No. C08-00910-RMW-RS

Supreme Court of Kansas
Topeka, Kansas
1997

U.S. Court of Appeals for the Tenth Circuit
Denver, Colorado
1999

U.S. Court of Appeals for the Ninth Circuit
San Francisco, California
2003

U.S. District Court for the District of Kansas
Topeka, Kansas
1997

U.S. District Court for the Western District of Missouri
Jefferson City, Missouri
2001

U.S. District Court for the Northern District of California
San Francisco, California
2003

U.S. District Court for the Eastern District of California
Sacramento, California
2003

U.S. District Court for the Central District of California
Los Angeles, California
2003

3.     I am a 1994 graduate of Washburn University in Topeka, Kansas and a 1997 graduate of Washburn University School of Law.  In 1995 I passed the Uniform Certified Public Accountant's examination and was granted a Certified Public Accountant certificate from the Kansas Board of Accountancy.  I am a member of the State Bar of California, Bar Association of San Francisco, National Association of Consumer Advocates, Consumer Attorneys of California, National Association of Consumer Bankruptcy Attorneys, California Bankruptcy Forum, and Topeka Area Bankruptcy Council of which I am a past Treasurer.

4.     From September 26, 1997, until December 21, 2003, I maintained a private law practice with an office located in Topeka, Kansas.  In December of 2003 I relocated my law practice to California.  My practice is limited exclusively to the representation of consumers, with particular emphasis on representing consumer debtors under the United States Bankruptcy Code. In addition to Bankruptcy cases, I handle matters under the Fair Debt Collection Practices Act, Truth

-2-

in Lending Act, Fair Credit Reporting Act, Telephone Consumers Protection Act, FTC Credit

Practices Rule, Uniform Commercial Code, common law fraud, misrepresentation and deceit, usury,

and other laws enacted to protect consumers.  I undertake representation in many consumer cases

with the expectation of being paid a contingency amount from the proceeds of recovery, or being

paid based on an award of fees pursuant to a fee shifting statute such as the federal Fair Debt

Collection Practices Act and California Rosenthal Fair Debt Collection Practices Act.

5.    I have given a number of lectures to consumers and professional groups on

consumer law issues, including the Topeka Area Bankruptcy Council and the Pro Bono Project in

San Jose, California.

6.    I have been a member of the National Association of Consumer Advocates

since 1999 and have attended at least twelve (12) national conferences exclusively on consumer law

issues.

7.    I have been involved in many consumer cases involving a range of consumer

protection laws.  I have handled several cases that have resulted in reported decisions favorable to

consumers including:  *In re Crosby*, 261 B.R. 470 (D. Kan. 2001) (holding that the issuance of a

Form 1099-C by a creditor forgives the debt);  *In re Green*, 287 B.R. 827 (D. Kan. 2002) (holding

that the inclusion of language in a Chapter 13 Plan which attempts to discharge student loans should

be reviewed on a case-by-case basis);  *Bilal v. Household Finance Corporation III (In re Bilal)*, 296

B.R. 828 (D. Kan. 2003) (holding that the inclusion of language in a Chapter 13 Plan which rescinds

a home mortgage loan under the Truth in Lending Act is binding on a mortgage creditor who fails

to object before confirmation); and, *Ramirez v. Household Finance Corporation III (In re Ramirez)*,

2003 Bankr. LEXIS 1364 (D. Kan. 2003) (finding violations of the Truth in Lending Act).  I am also

plaintiff's counsel in the *Quenzer v. Advanta Mortgage Corp. (In re Quenzer)*, 266 B.R. 760 (D.

Kan. 2001) and *Quenzer v. Advanta Mortgage Corp. (In re Quenzer)*, 274 B.R. 899 (D. Kan. 2002)

cases which were reversed and remanded in *Quenzer v. Advanta Mortgage Corp. (In re Quenzer)*,

288 B.R. 884 (D. Kan. 2003).  Despite the reversal, this case remains one of the leading cases in the

country regarding rescission under the Truth in Lending Act in the bankruptcy context and it is still

cited for the detail and clarity of the Bankruptcy Court's decision.  *See* National Consumer Law

1    Center, Truth in Lending (6th ed. 2007) at 453.

2           8.    My firm's work in connection with this case is shown on the schedule

3    attached hereto, marked Exhibit "A." My staff and I prepared our time records contemporaneously

4    with our performance of the work, using the Amicus Attorney and Timeslips software packages for

5    law offices. The time records do not duplicate work performed in any other file.

6           9.    For my services as an attorney in this case, the Consumer Law Center, Inc.,

7    seeks an hourly rate of $300.00. I believe that this hourly rate is reasonable, and that it is

8    comparable to the rates being charged by attorneys of similar experience and expertise in the San

9    Francisco Bay Area's federal and state courts. I have been awarded an hourly rate of $300 in a

10    number of cases in Northern California, including: *Citibank South Dakota, N.A., v. O'Connor*, Santa

11    Clara Case No. 1-05-CV-038648 (February 7, 2006) (J. Huber); *Maundu v. The Barnes Law Firm*,

12    Northern District Case No. C05-01939-JF-PVT (May 23, 2006) (J. Fogel); *Wallat v. Roush*,

13    Northern District Case No. C05-03518-JF-HRL (September 21, 2006) (J. Fogel); *Chan v. North*

14    *American Collectors, Inc.*, Northern District Case No. C06-00016-JL (January 26, 2007) (J. Larson);

15    *Chan v. Rosen & Loeb*, Northern District Case No. C06-04267-SBA-EDL (September 25, 2007) (J.

16    Armstrong); *Napier v. Collection Bureau of America, LTD.*, Northern District Case No. C07-02429-

17    MMC (October 29, 2007) (J. Chesney); *Asset Acceptance, LLC v. Mekonnen*, Santa Clara Case No.

18    1-06-CV-073155 (December 21, 2007) (J. Murphy); *Tong v. Capital Management Services Group,*

19    *Inc.*, Northern District Case No. C07-01026-RMW-HRL (January 18, 2008) (J. Whyte).

20          10.    The Consumer Law Center, Inc., seeks compensation for the 14.8 hours that

21    I spent preforming legal services for Plaintiff in this case.

22          11.    In the San Francisco Bay Area it is customary for lawyers to itemize and bill

23    their clients separately, in addition to their regular hourly rate, for expert witness fees, court reporter

24    fees, long distance telephone calls, on-line research charges, copying and facsimile costs, postage

25    and delivery charges, and travel costs, including mileage, tolls and parking. The Consumer Law

26    Center, Inc., advanced the following fees and costs, and incurred the following expenses in this

27    matter:

28

DECLARATION OF FRED W. SCHWINN                   Case No. C08-00910-RMW-RS

| 1 | Filing fees to Clerk of Court | $ 350.00 |
|---|---|---|
| 2 | Research Expenses | $ 39.50 |
| 3 | Photocopying - 588 @ $ .20 | $ 117.60 |
| 4 | Postage | $ 27.11 |
| 5 | TOTAL | $ 534.21 |

6    12.    The requested attorney's fees and costs were reasonable and necessary to the

7 litigation in this matter.

8    Executed at San Jose, California on May 28, 2008.

9

/s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
10 CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
11 San Jose, California 95113-2403
Telephone Number: (408) 294-6100
12 Facsimile Number: (408) 294-6190
Email Address:
13 fred.schwinn@sjconsumerlaw.com
Attorney for Plaintiff
14 BETTY JEAN NAPIER

DECLARATION OF FRED W. SCHWINN                                    Case No. C08-00910-RMW-RS

# Exhibit "A"

# Consumer Law Center, Inc.
12 South First Street, Suite 1014
San Jose, CA  95113-2418

---

*Invoice submitted to:*
Betty Napier
6440 Green Field Drive
Gilroy CA 95020-3433

May 28, 2008

Invoice #10005

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/18/2007 | FWS | Meeting with<br>Client - Re: Explaining claims and Engagement Letter | 0.50<br>300.00/hr | 150.00 |
| 2/6/2008 | FWS | Research<br>Defendant Identification | 1.00<br>300.00/hr | 300.00 |
| 2/12/2008 | FWS | Drafting Documents<br>Complaint | 2.90<br>300.00/hr | 870.00 |
|  | FWS | Drafting Documents<br>Civil Cover Sheet and Summons for 2 Defendants | 0.20<br>300.00/hr | 60.00 |
| 2/13/2008 | FWS | Receive & Review<br>Order Setting Initial Case Management Conference and ADR<br>Deadlines | 0.10<br>300.00/hr | 30.00 |
| 2/14/2008 | FWS | Drafting Documents<br>Service Packets for 2 Defendants | 0.20<br>300.00/hr | 60.00 |
| 2/15/2008 | FWS | Draft Letter to<br>Client - Re: Case Filed | 0.10<br>300.00/hr | 30.00 |
| 2/18/2008 | FWS | Draft Email to<br>Judge Seeborg's chambers - Re: Copy of Complaint and Exhibits<br>pursuant to local rule. | 0.10<br>300.00/hr | 30.00 |
| 3/4/2008 | FWS | Drafting Documents<br>Notice of Unavailability of Counsel | 0.10<br>300.00/hr | 30.00 |
| 3/28/2008 | FWS | Drafting Documents<br>Summons Returned Executed for 2 Defendants | 0.10<br>300.00/hr | 30.00 |

Betty Napier                                                                                    Page     2

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/2/2008 | FWS | Drafting Documents<br>Request for Default and related documents for 2 Defendants | 0.50<br>300.00/hr | 150.00 |
| 4/7/2008 | FWS | Drafting Documents<br>Memorandum in Support of Motion for Default Judgment | 2.60<br>300.00/hr | 780.00 |
| 4/9/2008 | FWS | Receive & Review<br>Clerk's Declination of Default | 0.10<br>300.00/hr | 30.00 |
| 4/15/2008 | FWS | Drafting Documents<br>Declaration of Betty Jean Napier in Support of Motion for Default<br>Judgment | 0.50<br>300.00/hr | 150.00 |
| | FWS | Drafting Documents<br>Declaration of Fred Schwinn in Support of Motion for Default<br>Judgment | 0.50<br>300.00/hr | 150.00 |
| | FWS | Review File<br>Review and Edit time records for Motion for Default Judgment | 0.20<br>300.00/hr | 60.00 |
| 4/22/2008 | FWS | Drafting Documents<br>Expert Declaration of Ronald Wilcox in Support of Plaintiff's Motion for<br>Attorney Fees and Costs | 0.20<br>300.00/hr | 60.00 |
| | FWS | Drafting Documents<br>Expert Declaration of Scott Maurer in Support of Plaintiff's Motion for<br>Attorney Fees and Costs | 0.20<br>300.00/hr | 60.00 |
| 4/23/2008 | FWS | Meeting with<br>Scott Maurer - Re: Expert Declaration of Scott Maurer in Support of<br>Plaintiff's Motion for Attorney Fees and Costs | 0.20<br>300.00/hr | 60.00 |
| | FWS | Drafting Documents<br>Request for Default and related document for 2 Defendants | 0.20<br>300.00/hr | 60.00 |
| 4/24/2008 | FWS | Meeting with<br>Ronald Wilcox - Re: Expert Declaration of Ronald Wilcox in Support<br>of Plaintiff's Motion for Attorney Fees and Costs | 0.20<br>300.00/hr | 60.00 |
| 4/25/2008 | FWS | Drafting Documents<br>Declination to Proceed Before a United States Magistrate Judge | 0.10<br>300.00/hr | 30.00 |
| | FWS | Receive & Review<br>Clerk's Entry of Default for 2 Defendants | 0.10<br>300.00/hr | 30.00 |
| 4/28/2008 | FWS | Receive & Review<br>Clerk's Notice of Impending Reassignment to U.S. District Judge | 0.10<br>300.00/hr | 30.00 |
| 4/29/2008 | FWS | Receive & Review<br>Order Reassigning Case to Judge Whyte | 0.10<br>300.00/hr | 30.00 |

Betty Napier                                                                                          Page      3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/13/2008 | FWS | Drafting Documents<br>Declaration of Betty Jean Napier in Support of Motion for Default<br>Judgment | 0.50<br>300.00/hr | 150.00 |
|  | FWS | Telephone call<br>to Betty Jean Napier - Re: Case Update - Declaration in Support of<br>Motion for Default Judgment | 0.60<br>300.00/hr | 180.00 |
|  | FWS | Draft Email to<br>Michelle Napier Re: Declaration in support of Motion for Default<br>Judgment for Betty to sign pursuant to our telephone conversation. | 0.10<br>300.00/hr | 30.00 |
| 5/28/2008 | FWS | Drafting Documents<br>Memorandum in Support of Motion for Default Judgment | 2.50<br>300.00/hr | 750.00 |
|  |  | **For professional services rendered** | **14.80** | **$4,440.00** |

Additional Charges :

|  |  |  | Qty/Price |  |
|---|---|---|---|---|
| 2/6/2008 | FWS | Research Expenses<br>Accurint - $39.50 - Re: Defendant Identification | 1<br>39.50 | 39.50 |
| 2/12/2008 | FWS | Photocopying Expense<br>99 Copies @ $.20/copy - Re: Copies of Complaint, Summons, and<br>related documents for Filing with the Clerk of the District Court | 99<br>0.20 | 19.80 |
|  | FWS | Filing Fee Expense<br>Case Filing Fee - $350.00 | 1<br>350.00 | 350.00 |
| 2/15/2008 | FWS | Postage Expense<br>Postage Expense - $1.65 - Re: Copy of Complaint mailed to Client | 1<br>1.65 | 1.65 |
|  | FWS | Postage Expense<br>Postage Expense - $15.28 - Re: Service Packets sent to Defendants | 2<br>7.64 | 15.28 |
|  | FWS | Photocopying Expense<br>146 Copies @$.20/copy - Re: Service Packets sent to Defendants | 146<br>0.20 | 29.20 |
|  | FWS | Photocopying Expense<br>30 Copies @$.20/copy - Re: Copy of Complaint mailed to Client | 30<br>0.20 | 6.00 |
| 2/22/2008 | FWS | Photocopying Expense<br>73 Copies @$.20/copy - Re: Service Packets sent to Defendant's<br>residential address | 73<br>0.20 | 14.60 |

Betty Napier                                                                      Page      4

|  |  |  | Qty/Price | Amount |
|---|---|---|---|---|

| 4/2/2008 | FWS | Postage Expense<br>Postage Expense - $1.74 -  Re: Requests for Entry of Default against<br>2 Defendants | 3<br>0.58 | 1.74 |
|  | FWS | Photocopying Expense<br>30 Copies @ $.20/copy - Re: Requests for Entry of Default against 2<br>Defendants | 30<br>0.20 | 6.00 |
| 4/23/2008 | FWS | Photocopying Expense<br>30 Copies @ $.20/copy - Re: Requests for Entry of Default against 2<br>Defendants | 30<br>0.20 | 6.00 |
|  | FWS | Postage Expense<br>Postage Expense - $1.74 -  Re: Requests for Entry of Default against<br>2 Defendants | 3<br>0.58 | 1.74 |
| 5/28/2008 | FWS | Photocopying Expense<br>36 Copies @ $.20/copy - Re: Motion for Default Judgment and<br>related documents (Chambers Copy) | 36<br>0.20 | 7.20 |
|  | FWS | Photocopying Expense<br>36 Copies @ $.20/copy - Re: Motion for Default Judgment and<br>related documents (Client's Copy) | 36<br>0.20 | 7.20 |
|  | FWS | Photocopying Expense<br>108 Copies @ $.20/copy - Re: Motion for Default Judgment and<br>related documents (Defendants' Service Copies) | 108<br>0.20 | 21.60 |
|  | FWS | Postage Expense<br>Postage Expense - $1.34 - Re: Motion for Default Judgment and<br>related documents (Chambers Copy) | 1<br>1.34 | 1.34 |
|  | FWS | Postage Expense<br>Postage Expense - $1.34 - Re: Motion for Default Judgment and<br>related documents (Client's Copy) | 1<br>1.34 | 1.34 |
|  | FWS | Postage Expense<br>Postage Expense - $4.02 - Re: Motion for Default Judgment and<br>related documents (Defendants' Service Copies) | 3<br>1.34 | 4.02 |

| | |
|---|---|
| **Total costs** | **$534.21** |
| **Total amount of this bill** | **$4,974.21** |
| Balance due | $4,974.21 |

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BETTY JEAN NAPIER

6

7

8              IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10  BETTY JEAN NAPIER,                     Case No. C08-00910-RS

11                     Plaintiff,

12  v.                                     **EXPERT DECLARATION OF
                                            RONALD WILCOX IN SUPPORT OF
13  TITAN MANAGEMENT SERVICES, LLC,         PLAINTIFF'S MOTION FOR
    a Georgia limited liability company, and ATTORNEY FEES AND COSTS**
14  FREDERICK ALLEN HOWARD,
    individually and in his official capacity,
15
                       Defendants.
16

17         I, Ronald Wilcox, declare under penalty of perjury, under the laws of the State of California

18  and the United States, 28 U.S.C. § 1746, that the following statements are true:

19         1.      In addition to being a member in good standing of the State Bar of California,

20  I am a member in good standing of the bars of the U.S. District Court for the Northern District of

21  California and U.S. District Court for the Eastern District of California.

22         2.      I hold Bachelors' and Masters' degrees from New York University, a graduate

23  certificate in management from Harvard University, and a Juris Doctorate from Indiana University.

24  I served as Managing Editor of the Indiana Journal of Global Legal Studies. I have engaged in

25  studies at Stanford University.

26         3.      I have more than 12 years of experience in the legal profession, either

27  working for legal clinics, law firms, in-house counsel, interning for a U.S. Magistrate Judge, or

28  private practice, and have been a licensed attorney in California since 1995.

-1-

DECLARATION OF RONALD WILCOX                               Case No. C08-00910-RS

1         4.     During my tenure as a consumer attorney I have published articles in the San

2    Francisco and Los Angeles Daily Law Journals, the California Bankruptcy Reporter, and have been

3    interviewed, and quoted, by the Wall Street Journal and the San Jose Mercury News. I have assisted

4    numerous consumers in both chapter 7 and chapter 13 bankruptcies, and in Fair Debt Collection

5    Practices Act (FDCPA) matters. I have represented consumers in courts in San Jose, San Francisco,

6    Oakland, Sacramento, Modesto, and Fresno, and have assisted numerous consumers in regard to

7    their rights under federal and state law, including FDCPA litigation. I have assisted approximately

8    two thousand clients in bankruptcy matters, and more than two hundred clients in FDCPA matters.

9         5.     I have qualified to be a panel member of the Santa Clara County Bar's

10    Bankruptcy and Insolvency section. Previously, in 2005 I served as Chairman of the San Jose

11    Division-Chapter 13 Subcommittee, directing monthly meetings to help local attorneys stay abreast

12    of current issues in consumer bankruptcy law and consumer issues in regard to debtor-creditor

13    issues.

14         6.     I have taught other attorneys at conferences sponsored by the National

15    Association of Consumer Advocates. I have also attended Continuing Legal Education seminars

16    regarding consumer law in Sacramento, San Francisco, Oakland, San Jose, New York, Chicago,

17    Kansas City, Atlanta, Albuquerque, Minneapolis, and Boston. I have also attended the National

18    Consumer Law Center's Annual Conferences in Atlanta, Oakland, and Boston; the National

19    Association of Chapter 13 Trustees' Annual Convention in New York; and the National Association

20    of Bankruptcy Attorneys' Annual Conventions in Las Vegas, San Francisco, and San Diego. I also

21    donate my time to the Alexander Community Law Center, directing law student interns who assist

22    consumers on financial and legal matters.

23         7.     I have been co-counsel in several consumer class actions under the FDCPA;

24    a number of which are pending, and several which have been certified by the Northern and Eastern

25    Districts of California.

26         8.     I am familiar with the hourly rates for consumer protection litigation charged

27    in the San Francisco Bay Area by attorneys with experience, skill, and reputation similar to those

28    of Fred W. Schwinn. My familiarity with such rates derives from my knowledge of the billing

-2-

1   practices of private law firms in the San Francisco Bar Area and from my own experience in billing
2   clients in consumer litigation cases.

3      9.  The market rate in the San Francisco Bay Area for federal litigation of
4   consumer law issues that are similar in difficulty and complexity to the issues herein is a range
5   extending from $280 to $465 per hour, depending on the skill, experience and reputation of the
6   attorney.

7      10.  Based on my personal experience and comments from others in the legal
8   community, I believe that Fred W. Schwinn is one of only a very few attorneys in the San Francisco
9   Bay Area who exclusively represents consumers in consumer bankruptcy <u>and</u> debtor-creditor
10  litigation, particularly with regard to matters arising under the various federal and state consumer
11  protection statutes and regulations. I believe that his requested hourly rate of $300.00 is entirely fair
12  and reasonable, given Mr. Schwinn's experience, qualifications and expertise in the representation
13  of consumers in debtor-creditor litigation.   My hourly rate for legal services is also currently billed
14  at $325 per hour. In 2005 and 2006 five courts approved my then billing rate of $300 per hour(*See*
15  *Davilla v. Thinline*, 2005 U.S. Dist. LEXIS 18163 (N.D. Cal. 2005);  *Grinzi v. Garnes et al.*, U.S.
16  Dist. LEXIS 33094 (N.D. Cal. 2005);   *In re Antonio*, N.D. Cal. Bankruptcy, 03-50084 JRG
17  (11/1/2005);  *Compos v. Phillips and Cohen*, 05-CV-047130 (Santa Clara County Superior Court,
18  2/24/06); *Solloway v. Allied Interstate, Inc.*, 04-04814 RMW (N.D. Cal. 2006).

19     11.  In the San Francisco Bay Area it is customary for lawyers to itemize and bill
20  their clients separately, in addition to their regular hourly rate, for expert witness fees, court reporter
21  fees, long distance telephone calls, on-line research charges, copying and facsimile costs, postage
22  and delivery charges, and travel costs, including mileage, tolls, and parking.

23     12.  I am not being paid to submit this Declaration. I am not related with any of
24  the parties in this action and I have no financial interest in the outcome of this case.

25  / / /
26  / / /
27  / / /
28  / / /

-3-

1   Executed at San Jose, California on April 24, 2008.

2

3                                                        _____

4                                                        Ronald Wilcox (SBN 176601)
                                                         Attorney at Law

5                                                        2160 The Alameda, First Floor, Suite F
                                                         San Jose, California 91526

6                                                        Telephone Number: (408) 296-0400
                                                         Facsimile Number: (408) 296-0486

7                                                        Email Address:
                                                         ronaldwilcox@post.harvard.edu

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RONALD WILCOX                                    Case No. C08-00910-RS

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California 95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BETTY JEAN NAPIER

6

7

8              IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                       SAN JOSE DIVISION

10  BETTY JEAN NAPIER,                    Case No. C08-00910-RS

11                       Plaintiff,

12  v.                                    EXPERT DECLARATION OF SCOTT
                                          MAURER IN SUPPORT OF
13  TITAN MANAGEMENT SERVICES, LLC,       PLAINTIFF'S MOTION FOR
    a Georgia limited liability company, and   ATTORNEY FEES AND COSTS
14  FREDERICK ALLEN HOWARD,
    individually and in his official capacity,
15
                         Defendants.
16

17      I, Scott Maurer, declare under penalty of perjury, under the laws of the State of California

18  and the United States, 28 U.S.C. § 1746, that the following statements are true:

19          1.      I am a member in good standing of the California State Bar. This declaration

20  is submitted in support of Plaintiff's motion for reasonable attorneys' fees and expenses.  I make

21  this declaration based on my own personal knowledge, except for those statements based on

22  information and belief, and as to those matters I believe them to be true, and if called upon as a

23  witness could and would testify thereto.

24          2.      I graduated from Santa Clara University School of Law with distinction in

25  1995.  I was admitted to the bar in December, 1995.  Since February 1, 1996, I have been a

26  Supervising Attorney at the Katharine and George Alexander Community Law Center (formerly

27  known as the East San Jose Community Law Center).  At the Law Center, I supervise the handling

28  of all consumer cases.

-1-

DECLARATION OF SCOTT MAURER                              Case No. C08-00910-RS

1        3.    In 2004, I filed a motion for attorney's fees in conjunction with an FDCPA

2    case, seeking to be awarded fees at a rate of $280 per hour.  On March 16, 2004, the Honorable

3    James Ware awarded me the rate of $280 per hour and 100% of the fees requested. (Case No. C 03-

4    03128, *Gonzales v. Exigere*, N.D. Cal; Order Granting Plaintiff's Motion for Default Judgment

5    Pursuant to Rule 55(b)(2), 11:11-12:7).

6        4.    In the last two year, I have been awarded $300 per hour for my work by three

7    different trial court judges, as described in more detail in ¶¶ 5-7 below.  Although those cases did

8    not involve the FDCPA, all were consumer cases and all involved alleged violations of California's

9    Automobile Sales Finance Act (ASFA).  In my opinion these ASFA cases are similar in complexity

10    to FDCPA cases.

11        5.    On May 30, 2006, the Honorable Gregory H. Ward awarded 100% of the fees

12    requested, and issued an order specifically finding that $300 per hour was reasonable. (Case No.

13    1-05-CV-038566, *Solorzano v. Lobel Financial et al.*, Santa Clara County Superior Court;  Order

14    Awarding Attorney's Fees to Plaintiff's Counsel).

15        6.    On November 28, 2006, the Honorable Neal A. Cabrinha issued an order

16    following a contested fee motion awarding me fees at $300 per hour.  Again, the order specifically

17    found that my requested rate was reasonable.  The order was entered on December 6, 2006 in *Ford*

18    *Motor Credit Company v. Perea*, Santa Clara County Case Number 1-05-CV-049314.

19        7.    On January 31, 2007, the Honorable Richard Keller issued an order following

20    a contested fee motion awarding me fees at $300 per hour.  Again, the order specifically found that

21    my requested rate was reasonable.  *Pacific Credit Service Union v. Samper*, Alameda County Case

22    Number FD 52455455.

23        8.    I am familiar with Mr. Schwinn's work by, among other things, his

24    volunteering at our law clinic.  I am also familiar with attorneys' rates in this geographical area.

25        9.    I understand that Mr. Schwinn is seeking a rate of $300 per hour.  I

26    understand that Mr. Schwinn was first admitted in 1997.  Based on my work with Mr. Schwinn, I

27    believe his expertise in FDCPA issues is comparable to my own.  Based on all of the above, and on

28    standard rates in the area from my own knowledge, I believe that $300 is a reasonable hourly rate

DECLARATION OF SCOTT MAURER                          Case No. C08-00910-RS

1   for Mr. Schwinn's time.

2      Executed at San Jose, California on April 23, 2008.

3

4

                            Scott Maurer (SBN 180830)

5                             Alexander Community Law Center

                            1030 The Alameda

6                             San Jose, California 95126

                            Telephone Number: (408) 288-7030

7                             Email Address: smaurer@scu.edu

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

DECLARATION OF SCOTT MAURER                  Case No. C08-00910-RS

1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9        **SAN JOSE DIVISION**

10

BETTY JEAN NAPIER,                              Case No.  C08-00910-RMW-RS

11
                                Plaintiff,
12                                              **[PROPOSED] JUDGMENT**
    v.
13
    TITAN MANAGEMENT SERVICES, LLC,
14  a Georgia limited liability company, and
    FREDERICK ALLEN HOWARD,
15  individually and in his official capacity,

16                              Defendants.

17          This action came on for hearing before the Court, Honorable Ronald M. Whyte, District

18  Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

19          It is Ordered and Adjudged that the plaintiff, BETTY JEAN NAPIER, recover of defendants,

20  TITAN MANAGEMENT SERVICES, LLC, and  FREDERICK ALLEN HOWARD, jointly and

21  severally, the sum of $16,974.21, with interest thereon at the rate provided by law.

22

23  Dated at San Jose, California, this _____ day of July, 2008.

24

25                                              _____
                                                The Honorable Ronald M. Whyte
26                                              Unites States District Judge

27

28

JUDGMENT                                                        Case No.  C08-00910-RMW-RS

1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   BETTY JEAN NAPIER
6

7

8          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                   SAN JOSE DIVISION

10 BETTY JEAN NAPIER,                    Case No.  C08-00910-RMW-RS

11                        Plaintiff,

12 v.                                    **CERTIFICATE OF SERVICE
                                         BY MAIL**
13 TITAN MANAGEMENT SERVICES, LLC,
   a Georgia limited liability company, and
14 FREDERICK ALLEN HOWARD,
   individually and in his official capacity,
15
                          Defendants.
16

17 STATE OF CALIFORNIA          )
                                ) ss:
18 COUNTY OF SANTA CLARA        )

19         I am employed in the County of Santa Clara, California.  I am over the age of eighteen years

20 and not a party to the within entitled cause.  My business address is 12 South First Street, Suite

21 1014, San Jose, California  95113-2418.  On May 28, 2008, I served the following:

22         1.    NOTICE OF MOTION AND MOTION WITH MEMORANDUM OF POINTS
                 AND AUTHORITIES IN SUPPORT OF DEFAULT JUDGMENT
23
24         2.    DECLARATION OF BETTY JEAN NAPIER IN SUPPORT OF MOTION FOR
                 DEFAULT JUDGMENT
25         3.    DECLARATION OF FRED W. SCHWINN IN SUPPORT OF MOTION FOR
                 DEFAULT JUDGMENT AWARDING ATTORNEY FEES AND COSTS
26
27         4.    EXPERT DECLARATION OF RONALD WILCOX IN SUPPORT OF
                 PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS
28

                                    -1-
CERTIFICATE OF SERVICE BY MAIL                        Case No. C08-00910-RMW-RS

5.      EXPERT DECLARATION OF SCOTT MAURER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

6.      PROPOSED JUDGMENT

on the interested parties in said cause, by placing a true and correct copy thereof in a sealed envelope

with postage fully prepaid thereon and depositing it in the United States mail at San Jose, California

addressed as follows:

**DEFENDANT:**
Titan Management Services, LLC
c/o Frederick Allen Howard, Agent for Service
2160 Satellite Boulevard, Suite 350
Duluth, GA  30097-4074

**DEFENDANT:**
Frederick Allen Howard
Titan Management Services, LLC
2160 Satellite Boulevard, Suite 350
Duluth, GA  30097-4074

**DEFENDANT:**
Frederick Allen Howard
10665 Nellie Brook Court C
Duluth, GA  30097-1901

I declare under penalty of perjury that the foregoing is true and correct and that this

declaration was executed at San Jose, California on May 28, 2008.

/s/ Fred W. Schwinn