**United States District Court**
For the Northern District of California

**E-FILED on** 7/25/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BETTY JEAN NAPIER,<br><br>Plaintiff,<br><br>v.<br><br>TITAN MANAGEMENT SERVICES, LLC and FREDERICK ALLEN HOWARD,<br><br>Defendants. | No. C-08-00910 RMW<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; AWARDING DAMAGES AND ATTORNEY'S FEES<br><br>**[Re Docket No. 17]** |

Plaintiff Betty Jean Napier moves for entry of default judgment against defendants Titan Management Services, LLC ("Titan") and Frederick Allen Howard, for an award of compensatory and statutory damages, and for attorney's fees and costs. Defendants have not responded to the motion. For the reasons set forth below, the court enters default judgment in favor of plaintiff and against defendants in the total amount of $200.00, awards attorney's fees in the amount of $3,960.00 and costs in the amount of $534.21.

## I. BACKGROUND

On February 12, 2008, Plaintiff commenced this federal question action alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Rosenthal Fair

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT; AWARDING DAMAGES AND ATTORNEY'S FEES—No. C-08-00910 RMW
MAG

1  Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. ("RFDCPA").  Neither defendant has
2  appeared and the clerk has now entered default as to both of them.  *See* Docket Nos. 12, 13.

3      Plaintiff, who is a senior citizen, alleges that at some time unknown to her she incurred a
4  financial obligation.  Compl. ¶¶ 6, 10.  Thereafter, the debt was somehow transferred or assigned to
5  defendants Titan and Howard for collection.  *Id.* ¶ 11.  Plaintiff alleges that defendants knew or
6  should have known that their conduct was directed toward a senior citizen.  *Id.* ¶ 18.

7      Plaintiff received a collection letter from defendants dated February 17, 2007 and
8  postmarked February 19, 2007.  *Id.* ¶¶ 13-17, Ex. 1.  On March 7, 2007, plaintiff mailed a letter to
9  defendants, which stated "please be advised that I dispute this debt and refuse to pay."  *Id.* ¶ 19, Ex.
10 2.  Defendants received the letter on or about March 12, 2007.  *Id.* ¶ 22, Ex. 3.  Thereafter,
11 defendants sent a second collection letter to plaintiff dated May 9, 2007 and postmarked May 11,
12 2007.  *Id.* ¶¶ 25-29, Ex. 4.  They then sent a third collection letter dated June 15, 2007 and
13 postmarked June 16, 2007.  *Id.* ¶¶ 30-34, Ex. 5.  On June 25, 2007, plaintiff sent a second letter
14 disputing the debt and refusing to pay, which defendants received on June 29, 2007.  *Id.* ¶¶ 35-38,
15 Exs. 6-7.  Thereafter, defendants sent a fourth collection letter dated August 17, 2007 and
16 postmarked August 18, 2007.  *Id.* ¶¶ 41-44, Ex. 8.  No further communications between plaintiff and
17 defendants are alleged.

18     Defendants have not appeared in this case and the clerk entered default on April 25, 2008.
19 Thereafter, plaintiff moved for entry of default judgment.

20 **II. ANALYSIS**

21 **A.  Entry of Default Judgment**

22     The granting or denying of a default judgment is within the court's sound discretion.  *Draper v.*
23 *Coombs*, 792 F.2d 915 (9th Cir. 1986).  The following factors are considered in determining whether
24 to grant a default judgment: the substantive merits of plaintiff's claim; the sufficiency of the complaint;
25 the amount of money at stake; the possibility of prejudice to plaintiff if relief is denied; and the
26 possibility of dispute as to any material facts in the case.  Where practicable, policy considerations
27 militate in favor of considering cases on their merits rather than resolving matters through default
28 judgment procedures.  *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).

Here, the complaint's allegations and evidence submitted therewith establish that plaintiff is entitled to entry of default judgment on her claims for violation of the FDCPA and RFDCPA. The court is satisfied that plaintiff is a "consumer" under the FDCPA and that defendants are "debt collectors." The court is also satisfied that defendants' failure to cease communications with plaintiff after she informed them that she disputed the debt constitutes a violation of 15 U.S.C. § 1592c(c), which states, "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt" except as specified further by the section. Both of plaintiff's letters, dated March 7 and June 25, 2007, stated that she refused to pay the debt. Accordingly, the three communications sent by defendants to plaintiff after plaintiff's March 7, 2007 letter appear to have been in violation of 15 U.S.C. § 1592c(c).

Plaintiff also asserts that defendants violated 15 U.S.C. § 1592g(b) by twice failing to validate the debt upon plaintiff's requests but continuing with collection efforts. Plaintiff's allegations along with the letters attached to her complaint establish that defendants twice violated 15 U.S.C. § 1592g. The original collection letter from defendants was dated February 17, 2007 and postmarked February 19, 2007. Plaintiff mailed her first letter on March 7, 2007. This establishes that she disputed the debt within the 30-day period set forth in 15 U.S.C. § 1592g. Despite having been informed that plaintiff disputed the debt within the 30-day period set forth in 15 U.S.C. § 1692g, defendants continued to demand payment by way of their second and subsequent collection letters, but did not validate the debt. Further, on June 25, 2007, 10 days after receiving the third collection letter dated June 15, 2007, plaintiff mailed another letter disputing the debt to defendants. Defendants nevertheless sent a fourth letter, a follow-up to the third letter, dated August 17, 2007.  Thus, the court concludes that the complaint's allegations and evidence submitted establish liability on plaintiff's claim under 15 U.S.C. § 1592g(b).

### B. Damages and Attorney's Fees

The FDCPA states that "any debt collector who fails to comply with [the statute] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). "[I]n the case of any successful action to enforce the foregoing liability, the costs of the action, together with the reasonable attorney's fee as

determined by the court" will be included in the amount of the debt collector's liability. 15 U.S.C. § 1692k(a)(3). An award of attorney's fees pursuant to § 1692k(a)(3) is mandatory. *See Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("[A]ttorney's fees should not be construed as a special or discretionary remedy; rather, the [FDCPA] mandates an award of attorney's fees . . . "); *Cancio v. Financial Credit Network*, 2005 WL 1629809 at *1 (N.D. Cal. July 6, 2005) (Henderson, J.) ("The FDCPA entitles a successful plaintiff to reasonable attorneys' fees as determined by the court.").

### 1. Damages

Plaintiff seeks $12,000 in damages, along with $4,400.00 in attorney's fees and $534.21 in costs. Plaintiff asserts that she is entitled to the maximum statutory damages of $1000 for the violation of the FDCPA, the maximum statutory damages of $1000 for the violation of the RFDCPA under Cal. Civ. Code § 1788.30(b) and another $1000 under Cal. Civ. Code § 1788.17, which plaintiff contends incorporates the statutory remedy under the FDCPA and entitles her to additional damages. She then seeks treble damages pursuant to Cal. Civ. Code § 3345(b), asserting that defendants knew or should have known that she is a senior citizen. The court finds these damages to be grossly excessive.

Pursuant to 15 U.S.C. § 1692k(a) and Cal. Civ. Code § 1788.30(b), the court may award an amount between $100 and $1,000 under the FDCPA and RFDCPA. Statutory damages are akin to a penalty and require the court to consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). In light of the limited nature of the alleged violations, the court will award $500 in damages. This award represents $250 in statutory damages for the FDCPA violation and $250 in statutory damages under Cal. Civ. Code § 1788.30(b) for the RFDCPA violation. The court does not agree that Cal. Civ. Code § 1788.17 entitles plaintiff to double recovery of the FDCPA damages in addition to the damages awarded for the RFDCPA violation under Cal. Civ. Code § 1788.30(b). With respect to plaintiff's claim for treble damages, plaintiff does not set forth in her allegations how defendants could or should have possibly known that she is a senior citizen. Therefore, the court does not find that plaintiff is entitled to treble damages under Cal. Civ. Code § 3345(b).

### 2. Attorney's Fees

Plaintiff also seeks an award of attorney's fees as the prevailing party under FDCPA and RFDCPA. As both statutory schemes provide for the mandatory award of attorney's fees; the court awards plaintiff her reasonable attorney's fees. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145 (9th Cir. 2001) (in a FDCPA case, "district court must calculate awards for attorney's fees using the 'lodestar' method"). Plaintiff's counsel seeks an award of $300 per hour for the 14.8 hours he spent rendering services on this case. The hourly rates are consistent with the rates charged in the community as well as the rate for plaintiff's counsel previously approved by this court. The court finds the 14.8 hours plaintiff's counsel claims he spent on this case to be reasonable with the following exceptions: .10 hours on 3/4/08 for drafting a notice of unavailability; .80 hours claimed for 4/22 and 4/23/08 with respect to obtaining expert declarations in support of counsel's attorney's fees; .20 hours claimed for 4/29/08 to receive and review orders relating to reassignment from a magistrate judge to the undersigned; and .50 hours claimed on 5/13/08 for drafting plaintiff's declaration in support of the instant motion as this appears to be duplicative of time to do the same previously set forth on plaintiff's counsel's bill (*see* 4/15/08 entry for .50 hours for drafting plaintiff's declaration in support of motion for default judgment).

Subject to the reduction by 1.6 hours discussed above, the court finds the time the plaintiff's counsel claims was expended to be reasonable. Accordingly, the court awards attorney's fees of $3,960.00 for 13.2 hours of work. The court will also award costs in the amount of $494.71, which reflects the requested amount of $534.21 minus the $39.50 claimed for research expenses.

### III. ORDER

For the foregoing reasons, the court grants default judgment in favor of plaintiff and against defendants Titan and Howard. The court awards plaintiff total statutory damages of $500.00. The court also awards plaintiff her attorney's fees in the amount of $3,960.00 and costs in the amount of $494.71.

DATED:  7/25/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Fred Schwinn  fred.schwinn@sjconsumerlaw.com

**Counsel for Defendants:**

No appearance

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**  7/25/08  /s/ MAG
 **Chambers of Judge Whyte**